D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
VANCE ERICKSON, on behalf of himself and others similarly situated,

      Plaintiff,

      v.

**FELLINI SOHO CORP. d/b/a FELLINI SOHO, PYRAMID APEX CORP. d/b/a FELLINI WEST VILLAGE, FELLINI CHELSEA CORP. d/b/a FELLINI CHELSEA, and FRANCO NORIEGA,**

      Defendants.
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. While being billing as the trendiest coffee shops in the City, the Fellini cafés are in fact bilking their baristas and waitstaff of their hard earned tips from all sides.

2. First, the coffee shops illegally takes 5% off the top from all employees' tips.

3. Fellini then pays their accountant an additional $50 per week per location to perform a basic calculation of how the tips should be distributed. These weekly $50 fees for accounting services are also inexplicably taken out the employees' tips.

4. If that were not bad enough, the shops then unlawfully force tipped employees to share their tips with management employees who are ineligible to share tips as they have the authority to, among other things, hire, fire and schedule employees.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

7. All Defendants are hereinafter collectively referred to as "Defendants."

8. Defendant Fellini Soho Corp. d/b/a Fellini Soho is a New York corporation. Defendant Fellini Soho Corp. operates Fellini, coffee shop in Soho, Manhattan.

9. Fellini Soho Corp. has an annual gross volume of sales in excess of $500,000.

10. Defendant Pyramid Apex Corp. d/b/a Fellini West Village is a New York corporation. Defendant Pyramid Apex Corp. operates Fellini, coffee shop in Soho, Manhattan.

11. Pyramid Apex Corp. has an annual gross volume of sales in excess of $500,000.

12. Defendant Fellini Chelsea Corp. d/b/a Fellini Chelsea is a New York corporation. Defendant Fellini Chelsea Corp. operates Fellini, coffee shop in Soho, Manhattan.

13. Fellini Chelsea Corp. d/b/a Fellini Chelsea has an annual gross volume of sales in excess of $500,000.

14. Fellini Soho Corp., Pyramid Apex Corp. and Fellini Chelsea Corp. are hereinafter collectively referred to as "Fellini."

15. Defendant Franco Noriega is the owner of each of the Fellini food establishments.

16. Mr. Noriega is frequently present at each Fellini location and has hands-on involvement in all management issues at Fellini, including setting menus, personnel decisions, real estate matters, and payroll practices.

17. Plaintiff Vance Erickson worked for Defendants as a barista and server from September 2024 to January 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

3

Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

21. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

23. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

24. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime

4

compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

    a) Whether Defendants employed Plaintiff and the Class Members within the meaning of New York law.

    b) Whether Plaintiff and Class Members were forced to share their tips with parties who are not entitled to their tips.

    c) Whether Plaintiff and Class Members manual workers entitled to be paid on a weekly basis.

    d) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

    e) Whether Defendants provided Plaintiff and Class Members with the proper notices.

**FACTS**

29. Plaintiff's Consent to Sue form is attached as Exhibit A.

30. The Fellini coffee shops are a single, integrated enterprise as they are owned and operated in tandem.

31. Fellini has the same owner and shares management employees.

32. For example, Lina Jaramillo was the manager at multiple Fellini locations.

33. Plaintiff was initially hired by Ms. Jaramillo to work as a bartender and server at Fellini Soho.

34. In November 2024, Ms. Jaramillo, asked Plaintiff if he would transfer to Fellini West Village.

35. At Fellini West Village, Ms. Jaramillo continued to be Plaintiff's manager.

36. The coffee shops also subject their employees to the exact same payroll practices by, for example, forcing employees to share tips with management, forcing employees to give the restaurants' ownership portion of their tips and paying employees bi-weekly.

37. Specifically, Fellini takes 5% of all employees' tips as an undefined "commission."

38. The shops also pay their accountant, Danny Zambrano, $50 per week per location from the employees' tips for payroll services he performs calculating the breakdown of how employees' tips should be distributed.

39. To be sure, Mr. Zambrano is Fellini's accountant and never provides any customer service to Fellini's customers.

40. The coffee shops also force tipped employees to share their tips with management level employees.

41. These management level employees include, for example, Lina Jaramillo and Ezgui Ozlu.

42. Ms. Jaramillo and Mr. Ozgu had the authority to hire, fire and schedule employees at Fellini.

43. Plaintiff was a manual worker as defined by New York Labor Law § 191. Specifically, Plaintiff spent the majority of his work time performing manual work such as standing, walking, carrying items, and cleaning.

44. However, Plaintiff were paid on a biweekly basis instead of weekly, as required by NYLL § 191. Thus, every other week Defendants denied Plaintiff money to which he was entitled.

45. Every time that Defendants failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendants deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

46. On many occasions, Plainitff's workdays lasted longer than 10 hours.

47. For example, at Fellini West Village, there were occasions when Plaintiff's workday commenced at 7 a.m. and concluded well past 5 p.m.

48. On these occasions, Defendants did not pay Plaintiff New York's "spread of hours" premium.

49. Defendants did not give Plaintiff proper notices of his rate of pay, as required by NYLL § 195.

50.     As a result of this failure, Plaintiff was unaware of Fellini's payroll practices such as that he would be paid biweekly. Had Plaintiff known about this illegal practice he would have advocated earlier to be paid weekly, as required by law, or chosen to work elsewhere.

51.     Defendants knew that improperly forcing Plaintiff and Class Members to share their tips with management would economically injure Plaintiff and Class Members and violated federal and state laws.

52.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

53.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

55.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

56.     Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

57.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)
### (Brought By Plaintiff on Behalf of Himself and the Class)

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. Defendants willfully retained/misappropriated portions of Plaintiff's and Class Members' tips.

60. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York State Late Payment of Wages Violations
### New York Minimum Wage Act, N.Y. Stat. § 190 et seq.)
### (Brought by Plaintiff on Behalf of Himself and the Class)

61. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

62. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

63. Defendants did not pay Plaintiff—who were manual laborers—on a weekly basis.

64. Instead, Defendants issued paychecks to Plaintiff on a bi-weekly basis.

65. The aforesaid conduct of Defendants was knowing, intentional, and willful.

66. By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

10

67. Plaintiff is thereby entitled to recover from Defendants, jointly and severally, liquidated damages in the amount of Plaintiff's untimely paid wages, as well as compensatory damages for bank fees paid by Plaintiff, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

70. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

       claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 14, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.