UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANCE ERICKSON, on behalf of himself and others similarly situated,

    Plaintiff,
 v.

FELLINI SOHO CORP. d/b/a FELLINI SOHO, PYRAMID APEX CORP. d/b/a FELLINI WEST VILLAGE, FELLINI CHELSEA CORP. d/b/a FELLINI CHELSEA, and FRANCO NORIEGA,

    Defendants.

25 CV 1344 (JPO)

## DECLARATION OF PEYTON ALLEN

I, Peyton Allen, under penalty of perjury, declare as follows:

1. I am an opt-in Plaintiff in this lawsuit. I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of my motion for class certification pursuant to Fed. R. Civ. P. 23.

3. I worked as a barista and server at Fellini in Soho and the Chelsea from August 2024 until April 2025. Unless otherwise specified, the facts and circumstances outlined below pertain to the time that I worked for Fellini.

4. The Fellini food establishments operate as a single, integrated enterprise as they are owned and operated in tandem.

5. All of the Fellini locations have the same owner and they share management employees.

6. I was initially hired by Ms. Jaramillo to work as a barista and server at Fellini in Chelsea.

7. Ms. Jaramillo eventually asked me if I would work at Fellini in Soho, and I agreed to do so.

8. At Fellini Chelsea, Ms. Jaramillo continued to be my manager.

9. Fellini also subjects their employees to the exact same payroll practices.

10. For example, as outlined below, all of the Fellini locations force employees to share tips with management employees, force employees to give the restaurants' ownership a portion of their tips, and pay their employees on a bi-weekly basis.

11. Fellini automatically deducted and retained 5% of the tips customers left at Fellini.

12. Fellini also paid their accountant, Danny Zambrano, $50 per location per week from the tips for the tip calculations he performed.

13. In fact, Mr. Zambrano admitted to this scheme in text messages he sent to me and my coworkers.

14. Specifically, Defendants tipped employees have group text message chats in which they discuss all aspects of each Fellini's operations. Mr. Zambrano was also included on this text message group. In one group text conversation, employees asked Mr. Zambrano to provide an explanation as to why the service staff received less than the total amount of the tips customers left each week. Mr. Zambrano responded that Fellini took 5% from all the tips as a "commission." Mr. Zambrano further informed the employees via text message that "all locations handle tips and they pay me a flat fee of $50."

15. Bizarrely, Mr. Zambrano proceeded to state via text that "Management can't handle tips as per law it has to be done by employees."

16. Finally, Mr. Zambrano went on to state that "We have been handling the tip system like this since the beginning of Fellini and we do it like this throughout all the stores."

17. A copy of the messages referenced above is attached as Exhibit A.

18. Fellini also required tipped employees to share tips with management employees.

19. These management level employees had the authority to, among other things, hire, fire and schedule employees at Fellini.

20. For example, Ms. Jaramillo (referenced above) had and exercised the authority to hire, fire and schedule employees at Fellini.

21. Ms. Jaramillo also participated in the tip pool.

22. Attached hereto as "Exhibit B" are examples of weekly tip calculations I was provided at Fellini. These calculations listed the individual tip amounts that each tipped employees would receive in a given week at Fellini. These records evidence that I worked with at least 50 different tipped employees during the time I worked at Fellini.

23. As a barista and a server at Fellini, my duties consisted of physical tasks such as setting tables, serving customers, clearing tables, and cleaning and preparing food.

24. I am prepared to act as a class representative in this action.

25. As a class representative, I am prepared to vigorously pursue the claims of my coworkers.

26. I do not have any conflicts of interest with any of the other employees who work or worked at Fellini.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 11, 2025            By: _____
                                    Peyton Allen