UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANCE ERICKSON, *et al.*, *on behalf of themselves and all others similarly situated*,

                      Plaintiffs,

-v-

FELLINI SOHO CORP, *et al.*,

                      Defendants.

25-CV-1344 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Vance Erickson and opt-in Plaintiffs Peyton Allen and Hannah Everett[1] (together, "Plaintiffs") bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and New York Labor Law ("NYLL"), §§ 190, 650, *et seq.*  (ECF No. 1 ("Compl."); ECF No. 7; ECF No. 13.)  Defendants Fellini Soho Corp., Fellini Chelsea Corp., and Pyramid Apex Corp. (collectively, "Fellini") are corporations operating coffeeshops in Manhattan, New York.  (*See* Compl. ¶¶ 8-14.)  Defendant Franco Noriega is the owner of each Fellini establishment.  (*Id.* ¶ 15.)  Before the Court now is Plaintiffs' unopposed motion to certify a class pursuant to Federal Rule 23.  For the reasons that follow, the motion for class certification is granted as to Plaintiffs' claim under NYLL § 196-d but denied as to Plaintiffs' other claims.

**I.     Background**

Erickson worked as a barista and server at two Fellini establishments, located in Soho and the West Village, from September 2024 to January 2025.  (ECF No. 40 ("Erickson Decl.") ¶ 3.)  Everett also worked as a barista and server at the same two locations from August 2024 to

---

[1] The caption on ECF, which lists Hannah Everett's name as Everett Heather, is apparently incorrect.  The Clerk of Court is directed to amend the case caption.

January 2025, and Allen did the same at the Soho and Chelsea locations from August 2024 to April 2025. (ECF No. 42 ("Everett Decl.") ¶ 3; ECF No. 41 ("Allen Decl.") ¶ 3.) Plaintiffs' duties "consisted of physical tasks such as setting tables, serving customers, clearing tables, and cleaning and preparing food." (Erickson Decl. ¶ 23; Everett Decl. ¶ 23; Allen Decl. ¶ 23.)

Plaintiffs allege that Defendants improperly withheld portions of all tipped employees' tipped wages, paid them on a biweekly basis rather than a weekly basis, and did not provide them with wage notices and statements as required by New York state law. (Compl. ¶¶ 54-70.) In particular, they allege that Defendants took five percent of tips "as an undefined 'commission,'" paid their accountant $50 weekly out of tips from each location, and required tipped employees to share tips with management-level employees. (*Id.* ¶¶ 36-38, 40.) Plaintiffs allege that Defendants' employees are subject to the same payroll practices and that all Fellini locations share the same owner and management employees. (*See, e.g.*, Everett Decl. ¶¶ 5, 9.)

Plaintiffs served Defendants with the summons and complaint on February 19 and February 21, 2025. (*See* ECF Nos. 9-12.) However, no appearance was entered on Defendants' behalf, and no response to the complaint was filed in the allotted time. Consequently, a Clerk's Certificate of Default as to each Defendant was entered on April 9, 2025. (ECF Nos. 28-31.) This Court then granted Plaintiffs' letter motion for leave to file a motion for class certification prior to moving for default judgment. (ECF No. 37.)

Plaintiffs subsequently moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 38.) Alongside a memorandum of law (ECF No. 39), Plaintiffs also filed supporting declarations and exhibits, which included a screenshot of a text message from Defendants' accountant, Danny Zambrano, to a group chat with Defendants' tipped employees, in which Zambrano stated that Defendants retained five percent of tips as a

"commission" and retained $50 per week per location to pay Zambrano's "commission for carrying out [t]he weekly tip form" (*see, e.g.*, Erickson Decl. ¶ 15; ECF No. 40-1 at 2). In another text, Zambrano confirmed that Defendants "have been handling the tip system like this since the beg[in]ing of Fellini and [they] do it like this throughout all the stores." (ECF No. 40-1 at 4.)

II.     **Legal Standard**

A proposed class must satisfy the prerequisites set out in Federal Rule of Civil Procedure 23(a): (1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) "the claims or defenses of the representative parties are typical" of those of the class; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Although it is "not explicitly spelled out in Rule 23," there is also an "implied requirement of ascertainability." *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 125 (S.D.N.Y. 2014) (quotation marks omitted). If, "after a rigorous analysis," a court concludes that these prerequisites are met, it must determine if certification is appropriate under Rule 23(b). *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (quoting *Comcast Corp. v. Behrend,* 569 U.S. 27, 33 (2013)). Here, Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements [has] been met." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015).

Plaintiffs may move for class certification even after entry of a clerk's certificate of default. *See Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 687 F. App'x 10, 12 (2d Cir.

2017) (summary order). "A motion for class certification should 'be denied as untimely only when the late timing of the determination may cause prejudice or unduly complicate the case.'" *Id.* (alterations adopted) (quoting 7AA Wright & Miller, Fed. Prac. & P. § 1785.3 (3d ed.)). A motion is not untimely where "the caption and prayer for relief in [plaintiffs'] prior complaints indicated its intent to seek class status." *Id.*; *see also Pichardo v. Bos. Post Food Corp.*, No. 22-CV-9157, 2025 WL 1122531, at *2 (S.D.N.Y. Apr. 16, 2025).

### III.   Discussion

Plaintiffs seek to certify a class of "all tipped food-service employees (other than managers) who worked for Defendants at the Fellini Coffee food establishments in Soho, Chelsea[,] and the West Village at any time on or after February 14, 2019." (ECF No. 39 at 9.) Plaintiffs' motion is timely, notwithstanding the entry of a clerk's certificate of default: They move for certification before the entry of default judgment and the complaint clearly indicated an intent to pursue a class action. *See Pichardo*, 2025 WL 1122531, at *2. For the reasons explained below, Plaintiffs' motion for class certification is granted as to their claim under NYLL § 196-d and denied as to their remaining claims.

#### A.   NYLL § 196-d

New York law provides that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d.

As to their claim under NYLL § 196-d, Plaintiffs have met the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Plaintiffs allege that there are more than 50 members in the proposed class (Compl. ¶ 23), which exceeds the 40 members presumed to satisfy the numerosity requirement. *See Consol. Rail Corp. v. Town of Hyde Park*,

4

47 F.3d 473, 483 (2d Cir. 1995). In support, Plaintiffs offer an exhibit purporting to show Defendants' tip calculation record from a four-month period, which demonstrates that over 30 employees received tips in that time. (*See* ECF No. 40-2.) Given that the proposed class will encompass tipped employees who worked for Defendants over the course of six years, Plaintiffs' allegations and supporting evidence satisfy their burden on numerosity.

Commonality and typicality, as required by Rule 23(a)(2) and (3), are also met in this case. *See Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (noting commonality and typicality requirements "tend to merge into one another"). Plaintiffs argue that Defendants violated NYLL § 196-d by instituting uniform policies of retaining five percent of all tips, retaining a cut of tips for Zambrano, and requiring that tips be shared with management employees. (ECF No. 39 at 11-14.) "[C]ourts routinely certify classes based on the common question of whether employees were denied tips because they were required to share gratuities with tip-ineligible employees." *Chakma v. Sushi Katsuei, Inc.*, No. 23-CV-7804, 2025 WL 429730, at *7 (S.D.N.Y. Feb. 7, 2025). The common question of "whether Defendants illegally took the tip credit . . . will produce answers that apply to all plaintiffs . . . and drive the resolution of this litigation." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (finding commonality where "Plaintiffs' NYLL class claims all derive from the same compensation policies and tipping practices"). It is of no moment that Plaintiffs started working for Defendants in 2024 yet seek to certify a class of those employed by Defendants at any time on or after February 14, 2019: Plaintiffs provide uncontroverted evidence that Defendants have employed these practices "since the beg[in]ing" and across all Fellini locations. (*See* ECF No. 40-1 at 4.) For similar reasons, Plaintiffs have demonstrated by a preponderance of the evidence that "the

claims or defenses of the representative parties" are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Each class member's claim "arises from the same course of events and each class member makes similar legal arguments," namely, that Defendants' tip retention policy violates the NYLL. *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

Plaintiffs satisfy the remaining Rule 23(a) requirements. Rule 23(a)(4) requires a plaintiff to show that (1) "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and (2) "class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir.1997). Plaintiffs have adequately shown that the class representatives have "no known conflicts with any class member." *Shahriar*, 659 F.3d at 253. Indeed, "[t]he fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008). Furthermore, this Court has no reason to doubt the credentials or skill of Plaintiffs' counsel, who have demonstrated their competence in the course of this case so far. As to the implied requirement of ascertainability, "a class [must] be identifiable before it may be properly certified." *Hamelin v. Faxton-St. Luke's Healthcare*, 274 F.R.D. 385, 396 (N.D.N.Y. 2011). Plaintiffs' proposed class faces no ascertainability concerns, as it comprises all tipped employees who worked at any of Defendants' locations during the limitations period. *See Schear*, 297 F.R.D. at 125 (holding that a class of "all of the tip eligible employees who worked [for the defendant] through the class period" is ascertainable).

Plaintiffs also satisfy Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

6

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Predominance "is a more demanding criterion than the commonality inquiry under Rule 23(a)." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). That said, "individualized damages determinations alone cannot preclude certification under Rule 23(b)(3)." *Roach*, 778 F.3d at 409.

Plaintiffs prevail on the predominance requirement because "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof," and "these particular issues are more substantial than the issues subject only to individualized proof." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013) (quotation marks omitted). Plaintiffs allege that Defendants applied the same policies and practices to all members of the proposed class. (*See* ECF No. 40-1 at 4.) Thus, "[a]lthough individualized determinations must be made as to the amount of wages . . . each Plaintiff is due based on . . . the number of hours worked, common legal issues related to the members' entitlement to . . . wages and the proper measure of such wages clearly predominate over these relatively simple, mechanical calculations." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 275 F.R.D. 193, 200 (S.D.N.Y. 2011) (quotation marks omitted); *see also Zivkovic*, 329 F.R.D. at 75. This is not a case where "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Comcast Corp.*, 569 U.S. at 34. Instead, although putative class members will be entitled to varying amounts of damages based on the amount of tips withheld from them, generalized proof predominates in the sense that each class member's damages will be based on the same allegedly unlawful policies.

Lastly, Plaintiffs have demonstrated that a class action is superior to other methods of adjudication for their tip-retention claim. In analyzing superiority, "courts must consider four nonexclusive factors: (1) the interest of the class members in maintaining separate actions; (2)

'the extent and nature of any litigation concerning the controversy already commenced by or against members of the class'; (3) 'the desirability or undesirability of concentrating the litigation of the claims in the particular forum'; and (4) 'the difficulties likely to be encountered in the management of a class action.'" *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 230 (2d Cir. 2006) (quoting Fed. R. Civ. P. 23(b)(3)). These factors favor class certification here, as "large numbers of employees are injured by common policies, but the damages suffered are small relative to the burden of individual litigation, meaning class treatment may be the only mechanism for those employees to obtain relief." *Gonzalez v. Hanover Ventures Marketplace LLC*, No. 21-CV-1347, 2024 WL 1157074, at *7 (S.D.N.Y. Mar. 18, 2024). In the absence of a class action, individual employees are unlikely to seek relief—and if they do, the result would be a host of cases litigating the same question of whether Defendants enforced their policy of tip retention against the employee.

Accordingly, Plaintiffs' proposed class is certified as to their claim under NYLL § 196-d. Having considered the factors set out in Rule 23(g), this Court orders that Plaintiffs' counsel is appointed class counsel.

### B.   Remaining Claims

Plaintiffs further allege that Defendants "implemented a common policy of . . . paying tipped employees on a biweekly basis . . . and failing to provide the required wage notices." (ECF No. 39 at 19.) On these claims, Plaintiffs have failed to show by a preponderance of the evidence that each Rule 23 requirement has been met.

Plaintiffs' delayed pay claim arises from NYLL § 191(1)(a)(i), which requires weekly pay for "manual workers." N.Y. Lab. L. § 191(1)(a)(i). The NYLL defines a manual worker as a "mechanic, workingman or laborer." *Id.* at § 190(4). "[T]he [New York Department of Labor] has interpreted the term to include 'employees who spend more than 25 percent of their working

time performing physical labor,' with '"physical labor" broadly includ[ing] a wide range of physical activities undertaken by employees." *Balderramo v. Go New York Tours Inc.*, 668 F. Supp. 3d 207, 225 (S.D.N.Y. 2023) (quoting N.Y. Dep't of Labor Opinion Letter, No. RO-09-0066 (May 21, 2009)). "In general, the [Department of Labor] looks at the duties performed by an employee in order to determine whether he or she is a manual worker and makes a case-by-case determination." *Id.* at 225-26. Under this guidance, courts have consistently classified cooks and waitstaff as manual workers. *See, e.g.*, *Beh v. Community Care Companions, Inc.*, No. 19-CV-1417-JLS-HBS, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021); *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 482 (S.D.N.Y. 2012).

  Plaintiffs allege that, as baristas and servers, their duties consisted of physical work, and therefore they were owed weekly pay. (*See* Compl. ¶¶ 17, 43; Erickson Decl. ¶ 23; Allen Decl. ¶ 23; Everett Decl. ¶ 23.). However, Plaintiffs have not adequately alleged that their proposed class of Defendants' tipped food service employees qualify as manual workers. Indeed, Plaintiffs have made *no* allegations as to the type of work done by other tipped food service employees, a category that may encompass a variety of roles that involve different levels of physical activity. Thus, on the record before this Court, it's unclear that the "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof" and that "these particular issues are more substantial than the issues subject only to individualized proof." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d at 118. Plaintiffs have not shown that the question of liability will have a common answer as to all class members, and making a "case-by-case determination," *Balderramo*, 668 F. Supp. 3d 225, as to whether each employee satisfies the definition of manual worker would overwhelm any questions of law or fact common to the class.

Plaintiffs also allege that Defendants failed to provide the putative class with the proper notices as required by NYLL § 195.  (Compl. ¶¶ 28, 49, 69).  However, none of the Plaintiffs' declarations discuss the lack of statutorily required notices, and the pleadings before this Court do not adequately allege a uniform policy of not providing notices.  "While employee-plaintiffs can rarely point to an explicit policy of their employer that is violative of their rights and proof of de facto policies has therefore become the coin of the realm, putative class plaintiffs must still present enough evidence to confidently suggest a uniform, or nearly uniform, practice."  *Pichardo*, 2025 WL 1122531, at *4 (quotation marks omitted).  Here, where "Plaintiffs have no statistical analyses, and anecdotal evidence from just a few employees," that "is not enough for the Court to be confident that Defendants treated all or most employees uniformly."  *Id.*  Plaintiffs therefore fail to satisfy the commonality or predominance requirements of Rule 23.

## IV.    Discovery

Plaintiffs "also seek discovery from Defendants and Defendants' third-party payroll providers relating to, among other things, the identities of all tipped employees who worked for Fellini's during the relevant time period."  (ECF No. 39 at 18 n.2.)  Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  "To obtain discovery in advance of such a conference, the moving party must satisfy a flexible standard of reasonableness and good cause."  *de Henriques v. William James Bushell Corp.*, No. 23-CV-2990, 2023 WL 5671559, at *1 (S.D.N.Y. Sept. 1, 2023) (quotation marks omitted).

Plaintiffs have established good cause and reasonableness.  "[D]istrict courts in numerous circuits have authorized discovery against a non-appearing defendant in support of a class

certification investigation." *Katz v. Curis Pharmacy, LLC*, No. 22-CV-644, 2023 WL 5769499, at *6 (S.D.N.Y. Sept. 7, 2023); *see, e.g.*, *Frankiewicz v. Manhattan Cryobank, Inc.*, No. 20-cv-5157, ECF No. 33 (S.D.N.Y. June 22, 2021) (granting motion for discovery to obtain information related to class members). Plaintiffs' complaint appears to sufficiently state a claim under NYLL § 196-d and Plaintiffs have sufficiently alleged that Defendants' purported violation of the statute results from a uniform policy affecting all members of the proposed class. Discovery is subsequently necessary to (1) identify class members and (2) determine the amount of tips withheld from class members over the class period. "Accordingly, there exists good cause for limited discovery to identify class members . . . and to determine damages." *de Henriques*, 2023 WL 5671559, at *2. The Court therefore grants Plaintiffs' motion for discovery and authorizes Plaintiffs to take discovery as needed to obtain information ascertaining the amount of tips wrongfully withheld from tipped food service employees of Defendants during the class period.

## V.     Conclusion

For the foregoing reasons, Plaintiff's motion for class certification is GRANTED as to their claim under NYLL § 196-d and DENIED as to their remaining claims.

Plaintiffs' motion for class discovery is GRANTED. Plaintiffs have 120 days from the date of this Opinion and Order to complete class discovery.

The Clerk of Court is directed to (1) close the motion at ECF No. 38 and (2) amend the caption on ECF to replace the name of Plaintiff "Everett Heather" with "Hannah Everett."

SO ORDERED.

Dated: August 18, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge