# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

January 27, 2026

**VIA ECF**

Honorable J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Erickson v. Fellini Soho Corp. et al*, 25 CV 01344 (JPO)**

Dear Judge Oetken:

We represent Plaintiff, opt-in Plaintiffs and the Fed. R. Civ. P. 23 Class (collectively, "Plaintiffs") in the above-referenced matter. We write to respectfully request that the Court set a schedule for notifying class members of the class action and permit the motion for default judgment to be filed after class members have been notified and have had the opportunity to opt out of the class. We also write to respectfully inform the Court that Defendants have still not produced all requested discovery and have not appeared for noticed depositions. Accordingly, we respectfully request that the Court extend the discovery deadline and Order Defendants to complete their production and appear for depositions forthwith.

## 1. The Court Should Approve the Proposed Notice and Briefing Schedule

In August 2025, the Court certified a Fed. R. Civ. P. Rule 23 class in this matter. ECF No. 46. In that Order, the Court did not approve the form of a notice to disseminate to class members to inform them about the case. At that time, Defendants had not yet appeared with counsel and no discovery had been conducted in the case. Thus, there was no way for Plaintiffs to notify the class members as required by Fed. R. Civ. P 23(c)(2). However, in October 2025, counsel entered an appearance and the next month the Court Ordered the production of the Class List under penalty of sanctions.

"Typically, a Court's decision on the merits should not ordinarily occur before or simultaneous with a decision on class certification." *Benavides v. Serenity Spa NY Inc.*, No. 15-CV-9189 (JLC), 2017 U.S. Dist. LEXIS 142137, at *40 (S.D.N.Y. Sep. 1, 2017) (quotations and citations omitted). *See also, e.g., Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th Cir. 1995) (Rule

23 "clearly contemplates that the notice requirement will be met *before* the parties are aware of the district court's judgment on the merits"); *cf. Benavides*, 2017 U.S. Dist. LEXIS 142137, at *40-41 (outlining scenarios where courts have recognized exceptions to this rule).

Accordingly, Plaintiffs respectfully submit that the composition of the class should be finalized prior to moving for a default judgment that would include a classwide damages assessment. In other words, class members should first be notified and should be provided with an opportunity to opt-out before Plaintiffs seek a final judgment in the case. Accordingly, Plaintiffs respectfully request that the Court adopt the following schedule:

(1)    Class counsel will disseminate notice of the class action to class members within 14 days of the receipt of the complete Class List from Defendants.

(2)    Class members will be afforded 30 days to opt-out of the class action (the "Opt-out Deadline").

(3)    Class counsel will file their motion for default judgment within 30 days of the Opt-out Deadline.

Attached hereto as "Exhibit A" is a proposed notice to disseminate to the class. Plaintiffs respectfully request that the Court approve the notice for dissemination.

### 2. The Court Should Order Defendants to Complete Their Document Production and to Appear for Depositions

Discovery in this matter is set to close on January 30, 2026. Dkt. Entry for 12/12/2025. Since Defendants appeared with counsel in October 2025, they have been producing payroll records on a rolling basis. In early January 2026, the undersigned informed Defendants that Plaintiffs had still not received 2023 W-2s or 2025 year-to-date payroll records for all class members and that Plaintiffs required those records to ascertain the precise amounts of tips that were paid to class members. In addition, on January 12, 2026, Plaintiffs noticed depositions for all Defendants to take place this week and before the discovery cutoff. The primary purpose of the depositions is to authenticate and understand Defendants' documents in order to prepare a damages analysis for the default judgment.

The parties met and conferred about these issues on January 15, 2025 at the conclusion of which Defendants agreed (1) to produce all outstanding W-2 forms and 2025 year-to-date payroll records, (2) to confirm their availability for the depositions, and (3) to produce a class list (which would include class members' names, dates of employment, and addresses). Since that time, Defendants have essentially gone radio silent and have not responded to our multiple requests for an update on the status of these issues. Plaintiffs require all this information and the depositions prior to filing the motion for default judgment.

Accordingly, Plaintiffs respectfully request that the Court (1) Order Defendants to produce all class members' outstanding W-2 forms and 2025 year-to-date payroll records and a complete and accurate Class List (as defined above) within one week; (2) Order Defendants to appear for depositions within two weeks of completing their document production, (3) to adopt Class Counsel's proposed schedule for notifying the class and filing the motion for a default judgment;

(4) to approve the proposed class notice, and (5) to extend the discovery deadline during the class notice process.

This is Plaintiffs second request for an extension of the discovery deadline. We cannot say whether our adversary consents as they have not returned to our email requests.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/*Josef Nussbaum*
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640