UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANCE ERICKSON, *et al.*, *on behalf of themselves and others similarly situated*,
Plaintiffs,

-v-

FELLI SOHO CORP, *et al.*,
Defendants.

25-CV-1344 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Vance Erickson and opt-in Plaintiffs Peyton Allen and Hannah Everett (together, "Plaintiffs") bring this action against Defendants Fellini Soho Corp., Fellini Chelsea Corp., Pyramid Apex Corp. (collectively, "Fellini"), and Franco Noriega (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), N.Y.L.L. §§ 190, *et seq.*, and 650, *et seq*. (ECF No. 1 ("Compl."); ECF No. 7; ECF No. 13.) Before the Court now is Defendants' motion to set aside entry of default. (ECF No. 71.) For the reasons that follow, the motion is denied.

## I. Background

The Court assumes familiarity with the background facts of this case, which were recounted at length in the Court's prior Opinion and Order granting in part and denying in part Plaintiffs' motion for class certification. *See Erickson v. Fellini Soho Corp*, No. 25-CV-1344, 2025 WL 2383874 (S.D.N.Y. Aug. 18, 2025). Plaintiffs formerly worked at Defendants' restaurants and coffee shops as baristas and waiters. *See id.* at *1. Plaintiffs allege that Defendants: took five percent of their tips; took $50 out of the tips from each location to pay their accountant; required tipped employees to share tips with management-level employees;

paid them on a biweekly basis rather than a weekly basis; and failed to provide them with wage notices and statements as required by New York law. (Compl. ¶¶ 54-70.)

Plaintiffs commenced this action on February 14, 2025, asserting four causes of action under the FLSA and the NYLL. (*See generally id.*) Plaintiffs served Defendants with the summons and complaint on February 19 and February 21, 2025. (ECF No. 9; ECF No. 10; ECF No. 11; ECF No. 12.) However, no appearance was entered on Defendants' behalf, and no response to the complaint was filed in the allotted time. As a result, Plaintiffs obtained a Clerk's Certificate of Default as to each Defendant on April 9, 2026. (ECF No. 28; ECF No. 29; ECF No. 30; ECF No. 31.) Plaintiffs further sought and obtained leave to file a motion for class certification prior to filing a motion for default judgment. (ECF No. 36; ECF No. 37.)

On August 18, 2025, the Court granted in part and denied in part Plaintiffs' motion for class certification. *See Erickson*, 2025 WL 2383874, at *5. The Court also granted Plaintiffs' motion for class discovery. *Id.* In early October, Plaintiffs filed a letter with the Court indicating that they had been unsuccessful in their efforts to obtain class discovery from Defendants, and that, in those efforts, Plaintiffs had been in contact with an attorney, Brent Pohlman of the law firm Mandelbaum Barrett PC, who informed them that he represents Defendants. (ECF No. 47.) The Court held a conference on October 21, 2026, at which Pohlman appeared, represented that his firm has not yet been formally retained in this action, and represented that he had communicated with Defendants about the action. (ECF No. 48; ECF No. 79-5 at 4-5.) Pohlman did not indicate that Defendants would seek to vacate the entry of default. (*See generally* ECF No. 79-5.) Shortly after the conference, Pohlman filed a notice of appearance on behalf of Defendants (ECF No. 49), and the Court directed the parties to proceed with class discovery (ECF No. 52). On February 12, 2026, Plaintiffs filed a letter informing the Court that

Defendants had still not produced necessary documents, despite the Court's prior order. (ECF No. 58.) The Court held a telephonic conference on February 17, 2026, and neither Pohlman nor any other counsel for Defendants appeared. (*See* ECF minute entry for 2/17/2026.)

Two days later, new attorneys from Mandelbaum Barrett PC filed an appearance on the docket on behalf of Defendants and informed the Court that Pohlman had left the firm, that the case had been reassigned to them, and that Defendants "will immediately cure any persisting discovery deficiencies." (ECF No. 60; ECF No. 61.) Defendants then filed an answer on March 12, 2026. (ECF No. 63.) The Court informed Defendants that, because Certificates of Default had already been entered, they had to file a motion to set aside the default before filing an answer. (ECF No. 69.) Defendants proceeded to file a motion to set aside the default on April 3, 2026 (ECF No. 71), accompanied by a supporting memorandum of law (ECF No. 72 ("Mem.")). Plaintiffs filed an opposition on April 17, 2026. (ECF No. 78 ("Opp.").) Defendants filed a reply in further support on April 24, 2026. (ECF No. 84 ("Reply").) The Court adjourned briefing on Plaintiffs' anticipated motion for default judgment pending resolution of Defendants' motion. (ECF No. 83.)

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the clerk has entered a Certificate of Default but no final default judgment has yet been entered, the entry of default may still be set aside for good cause. Fed. R. Civ. P. 55(c). "While Rule 55(c) does not define 'good cause,' [the Second Circuit] has advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious

defense." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)) (summary order). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "The standards for deciding whether to set aside a default or a default judgment are sufficiently similar that courts may look to Rule 60(b) decisions in deciding Rule 55(c) cases and vice versa." *Dave's Specialty Imports, Inc. v. Roduce for Less, Inc.*, No. 19-CV-7136, 2021 WL 1207121, at *1 (E.D.N.Y. Mar. 31, 2021); *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 n.1 (2d Cir. 2015) (reiterating that "there is no practical difference" between the Rule 55(c) and Rule 60(b) standards).

## III. Discussion

"Of the three factors, 'willfulness carries the most weight.'" *Dave's Specialty Imports v. Roduce for Less, Inc.*, No. 19-CV-7136, 2021 WL 1207121, at *1 (E.D.N.Y. Mar. 31, 2021) (quoting *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (summary order)). "Defendants bear the burden of demonstrating that their default was not willful." *Id.* A default is willful when the conduct is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (cleaned up). However, "a finding of bad faith is not a necessary predicate to concluding that a defendant acted willfully." *Id.* (cleaned up). "Rather, it is sufficient to conclude that the defendant defaulted deliberately." *Id.* (quotation marks omitted). Courts have found default willful where "an attorney failed, for unexplained reasons, to respond to a motion for summary judgment," where an attorney "failed, for flimsy reasons, to comply with scheduling orders," or where the

attorney "unaccountably delayed more than 10 months before moving to vacate the ensuing default." *Durso v. Mod. Food Ctr., Inc.*, No. 17-CV-7324, 2019 WL 2150424, at *5 (S.D.N.Y. May 17, 2019) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998)).

Defendants argue they have not defaulted willfully because they retained counsel, eventually participated in class discovery, and continue to engage in the litigation. (Mem. at 10.) But none of that explains or even attempts to explain why Defendants failed to oppose Plaintiffs' motion for class certification, failed to timely file any responsive pleadings, did not file an appearance until over eight months after they were served (*compare* ECF Nos. 9, 10, 11, *and* 12, *with* ECF No. 49), and did not move to vacate default until nearly a full year after default was entered (*compare* ECF Nos. 20, 21, 22, 23, *and* 24, *with* ECF No. 71). *Accord State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (summary order) (upholding the district court's finding of willfulness under Rule 55(c) where defendants did not enter an appearance until nearly four months after being served and failed to timely file responsive pleadings or oppositions to motions). Indeed, Defendants provide virtually *no* explanations, sworn or unsworn, as to the delay, except for two sentences in their briefing insisting that they "are unsophisticated litigants, unaccustomed to the procedural rigors of litigation, particularly federal litigation." (Mem. at 10.) But Defendants were aware of the action—as evidenced by Pohlman's retention, his communications with Plaintiffs, and his appearance in this matter—and they do not dispute that they received service of the complaint and all subsequent filings, including the Certificates of Default. "[A]n unfamiliarity with the legal system or the law does not excuse willful default." *Dave's Specialty Imports, Inc.*, 2021 WL 1207121, at *2. Moreover, this is not a case where, "as soon as [defendants] hired counsel, that attorney moved to vacate the entry of default." *Alizada v. Talibov*, No. 23-CV-05484, 2024 WL 3676584, at *4 (S.D.N.Y.

Aug. 6, 2024). Instead, it still took over five months after the appearance of counsel in this matter before Defendants moved to vacate the entry of default.

Defendants seemingly rely on the fact that they have complied with the Court's discovery order, but that alone is not enough to overcome the other evidence of willfulness in this record. *See Bricklayers*, 779 F.3d at 186 (rejecting the defendant's argument that his default was an excusable mistake because "[a] defendant's responsibility to file a responsive pleading . . . is not obviated by participating in efforts which could, in theory, later resolve the case"). Accordingly, Defendants have not met their burden on willfulness. That alone is "sufficient to support the denial of the motion to vacate, and the Court need not consider the other two factors." *Dave's Specialty Imports*, 2021 WL 1207121, at *2 (citing *Jaramillo v. Vega*, 675 F. App'x 76, 76 (2d Cir. 2017) (summary order)).

In any event, Defendants also fail to articulate meritorious defenses to the claims in the complaint. "In order to make a sufficient showing of a meritorious defense the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (cleaned up). "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Dave's Specialty Imports*, 2021 WL 1207121, at *2 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)). "Failure to provide evidence supporting any claim of a meritorious defense is fatal on a motion to vacate." *Id.*

Defendants provide only one "example" of their meritorious defenses in their briefing, arguing that even if management-level employees identified in the complaint participated in the tip pool, Plaintiffs cannot prevail on their claim under New York Labor Law § 196-d because

those employees do not "participate or have any authority in hiring or terminating employees." (Mem. at 11-12.) Although Defendants characterize this naked assertion as "evidence" (Reply at 7-8), it is an unsworn allegation unsupported by any affidavit or exhibit, and "unsworn statements in a memorandum of law are not evidence," *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (summary order) (affirming district court determination that defendants had not established a meritorious defense warranting vacatur of an entry of default). Moreover, Defendants "did not even attempt to raise a meritorious defense with respect to the other . . . causes of action [Plaintiffs] brought." *State Univ. of New York v. Triple O, LLC*, No. 21-2116-CV, 2022 WL 14177198, at *3 (2d Cir. Oct. 25, 2022) (summary order). Accordingly, Defendants' conclusory arguments do not establish the existence of meritorious defenses.

The Court "need not reach the question of whether . . . plaintiff[s] would suffer prejudice as [it is] persuaded that the default was willful and [is] unpersuaded that the defaulting party has a meritorious defense." *Bricklayers*, 779 F.3d at 187 (cleaned up).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to set aside the default is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 71.

SO ORDERED.

Dated: August 10, 2026
New York, New York

J. PAUL OETKEN
United States District Judge