JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

August 27, 2026

**VIA ECF**

Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Erickson v. Fellini Soho Corp et al**
**No. 25-cv-01344-JPO**

Dear Judge Oetken:

We are class counsel in the above-referenced action. I write to respectfully request the Court enter an order that opt out requests sent months after the opt out deadline are invalid.

By way of background, this is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action in which the Defendants defaulted. Certificates of default were entered against all Defendants on April 9, 2025. (Dkt. Nos. 28-31.) The Court certified a Rule 23 class on August 18, 2025. (Dkt. No. 46.) The class notice was mailed to class members on March 18, 2026, with an opt out deadline of April 17, 2026. My office received two timely opt out notices before April 17, which are attached hereto as **Exhibit 1**, with a street address redacted. On April 3, 2026, Defendants moved to set aside the default. (Dkt. No. 71.) On June 17, 2026, the Court referred this matter to Court-annexed mediation. (Dkt. No. 87.) A mediator was assigned on July 30, 2026, and a mediation was scheduled for September 9, 2026. On August 10, 2026, the Court denied Defendants' motion to set aside the default. (Dkt. No. 88.)

Between August 21, 2026 and today, my office has received 26 purported opt out notices – six on August 21, three on August 24, seven on August 25, six on August 26, and four on August 27. All of these late opt out notices are attached hereto as **Exhibit 2**. As all of these notices were submitted more than four months after the opt out deadline, we respectfully request that the Court order that they are invalid. *See Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16 CV 6399, 2020 U.S. Dist. LEXIS 208294 (S.D.N.Y. Nov. 6, 2020) (denying late opt out request).

Moreover, these late opt out notices bear numerous hallmarks of having been improperly procured by Defendants. The timing of the opt outs – more than four months after the opt out

deadline and in the brief window between the denial of Defendants' motion to set aside the default and the scheduled mediation – is highly suspicious. In addition, the late opt out notices are identical[1] other than the employees' names and typed, unlike the valid, timely opt out notices. All of the late notices were sent individually via Priority Mail, at a cost of $12.90 each. All of the late notices mailed on the same day were mailed from the same zip code – either 10019 or 10036 – which is not the zip code of the employees' return addresses, and the handwriting for the addresses on the mailing envelopes is similar. (*See* **Exhibit 3** (mailing envelopes with class members' street addresses redacted).) Two of the late notices are from people who are not class members and to whom notice was not mailed – Ezgi Ozlu, who Plaintiff contends was a manager improperly included in Defendants' tip pool, and Gabrielle Adams, who was not on the class list Defendants provided. (Ex. 1 at 16, 21.) Accordingly, if the Court believes a conference is needed to address this issue, we respectfully request that a representative of Defendants with knowledge of the circumstances surrounding the late opt out notices be required to attend in order to explain Defendants' involvement with the late notices.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)

[1] Some notices are in English, and others are in Spanish. The English notices are identical to each other, and the Spanish notices are identical to each other.